IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** : | | |
| : | No. 1:CR-00-32 | |
| : | | |
| v. : | | |
| : | (Judge Kane) | |
| **EDDIE SIMMS,** : | | |
| Petitioner : | | |

### MEMORANDUM AND ORDER

     Before this Court is Petitioner's pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 60.) Upon due consideration of this motion and the government's response thereto, the Court finds that Petitioner is not entitled to § 2255 relief under any the grounds asserted in the petition. The Court will therefore dismiss Petitioner's petition for writ of habeas corpus.

**I.     Background**

     On May 17, 2000, in accordance with a written plea agreement, Petitioner pled guilty to a superceding information alleging two counts of Interstate Travel in Aid of Racketeering, in violation of 18 U.S.C. § 1952(a)(3). This Court sentenced Petitioner to 60 months of imprisonment on each count, to be served consecutively, and 24 months of supervised release for each count, to be served concurrently. Petitioner appealed to the United States Court of Appeals for the Third Circuit, which in an unpublished decision dated June 20, 2003, affirmed this Court's judgment.

**II.    Standard of Review**

An evidentiary hearing is required by § 2255 "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see also U.S. v. Baynes, 622 F.2d 66, 68 (3d Cir. 1980). Where the record affirmatively indicates that a Petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing. See Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985); Page v. United States, 462 F.2d 932, 933 (3d Cir. 1972). Thus, if the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted in support of a § 2255 motion, or if the movant would not be entitled to relief as a matter of law even if the factual predicates as alleged in the motion are true, it is not an abuse of discretion to elect not to conduct an evidentiary hearing. See Nicholas, 759 F.2d at 1075. "[B]ald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing." Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987).

**III.   Discussion**

Petitioner raises two claims in support of his motion to vacate, set aside, or correct sentence: (1) that his sentence violates Blakely v. Washington, 124 S. Ct. 2531 (2004); and (2) that he was denied effective assistance of counsel. (Doc. No. 66.) The Court will address each claim in turn.

   **A.   BOOKER**

Petitioner argues that his sentence is unconstitutional in light of Blakely. In Blakely, the Supreme Court held that a court may not sentence a criminal defendant to a term of imprisonment beyond a sentence that can be imposed "solely on the basis of facts [other than a prior conviction]

2

reflected in the jury verdict or admitted by the defendants." 124 S. Ct. at 2537. Petitioner's reliance upon the Blakely decision is misplaced as the Supreme Court in Blakely specifically stated that its decision did not apply to the Federal Sentencing Guidelines. Blakely, 124 S. Ct. 2538 n. 9. However, in the interest of justice, the Court construes Petitioner's argument as encompassing the more recent Supreme Court ruling in United States v. Booker, 125 S. Ct. 738 (2005). In Booker, the Supreme Court extended its holding in Blakely to the Federal Sentencing Guidelines and ruled that the guidelines themselves were unconstitutional insofar as they were mandatory. 125 S. Ct. at 750.

The Supreme Court has held that a new rule of criminal procedure will not be applicable to those cases which have become final before the new rule is announced, such as this case, unless the rule qualifies under one of two narrow exceptions. Teague v. Lane, 489 U.S. 288, 310 (1989). Under the first exception, a new rule applies retroactively when it "places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe." Id. at 307. Under the second exception, a new rule applies retroactively if it is a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. Id. at 311-13.

The United States Court of Appeals for the Third Circuit recently concluded that the rule announced in Booker, is subject to the Teague bar and does not apply retroactively to cases on collateral review. Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005). The court determined that the Booker rule does not place certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe. Id. at 614, n.5 (internal citations omitted). In addition, the court found that the Booker rule is not a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. Id. at 616. Accordingly, the Third

Circuit held that "Booker does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date Booker issued." Id. at 616. As Petitioner's conviction became final prior to Booker, this claim must be denied.

### B. INEFFECTIVENESS OF COUNSEL

Petitioner also asserts that he was denied effective assistance of counsel in advising him with regards to his plea agreement. (Doc. No. 66.) The Supreme Court established a two-prong test in determining whether counsel was so ineffective as to constitute a violation of a defendant's right to counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984). "A petitioner must show (1) that counsel made errors so serious that counsel's representation fell below an objective standard of reasonableness, and (2) that such failure resulted in prejudice so as to deprive the petitioner of a fair trial, that is, a trial whose result is reliable." Zettlemoyer v. Fulcomer, 923 F.2d 284, 295 (3d Cir. 1991)(citing Strickland, 466 U.S. at 687-688). Both prongs must be satisfied before a conviction is overturned based on ineffectiveness of counsel. Strickland, 466 U.S. at 687.

The first prong of Strickland is met if counsel's performance "fell below an objective standard of reasonableness." Id. at 688. "Judicial scrutiny in this regard, however, is highly deferential." Affinito v. Hendricks, 366 F.3d 252, 258 (3d Cir. 2004). See also Strickland, 466 U.S. at 689. The Court in Strickland observed:

> It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.

Strickland, 466 US. at 689 (internal citation omitted).  Therefore, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.  Counsel cannot be found ineffective for failing to raise a claim that lacks merit.  Singletary v. Blaine, 89 Fed. Appx. 790, 794 (3d Cir. 2004) (non-precedential opinion) (citing Moore v. Deputy Commissioner of SCI-Huntingdon, 946 F.2d 236, 245 (3d Cir. 1991)).  Although counsel has a duty to investigate, counsel may reasonably decide that certain investigation is unnecessary.  Strickland, 466 U.S. at 691.

The second Strickland prong may be reached only after the first is demonstrated.  Affinito, 366 F.3d at 258.  To establish prejudice requires a showing that, but for alleged deficiencies of counsel, the outcome of the case would have been different.  Hess v. Mazurkiewicz, 135 F.3d 905, 909 (3d Cir. 1998).  "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694.

Petitioner asserts that he was denied effective assistance of counsel when his former counsel failed to fully advise Petitioner that the term of supervised release potentially carries with it a maximum term of imprisonment beyond that to which he agreed.  (Doc. No. 60.)  Although Petitioner asserts this claim under the guise of ineffectiveness of counsel, Petitioner seems to be rearguing that his guilty plea was not knowing, voluntary, and intelligent because he was not advised that the guidelines included a mandatory two-year term of supervised release in addition to the incarceration.  This issue was argued by Petitioner on direct appeal and was fully addressed by the Third Circuit, who has already ruled

against Petitioner in this regard. Section 2255 generally may not be employed to relitigate questions which were properly raised and considered on direct appeal. U.S. v. DeRewal, 10 F.3d 100, 105 (3d Cir. 1993). Moreover, Petitioner was advised of the mandatory two-year term of supervised release during the plea colloquy and acknowledged that he understood that the charges to which he was pleading guilty included a term of supervised release to be determined by the court. Accordingly, Petitioner's claim of ineffective counsel is meritless and will be denied.

### IV.    Conclusion

For the abovementioned reasons, the Court finds that Petitioner is not entitled to the relief requested as a matter of law on the basis of any of the claims set forth in the instant motion to vacate, set aside, or correct sentence. Because Petitioner is not entitled to relief even if the factual predicates as alleged in the motion are true, an evidentiary hearing need not be conducted. Accordingly, Petitioner's motion to vacate, set aside, or correct sentence will be denied. (Doc No. 60.)

**V.    Order**

**AND NOW**, this 26th day of September, 2005, **IT IS HEREBY ORDERED THAT** Petitioner's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence (Doc. No. 60) is **DENIED**.

          S/ Yvette Kane
Yvette Kane
United States District Judge