270 CF

## UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

--------------------------------X

EDDIE SIMMS,

      Petitioner,

VS.

UNITED STATES OF AMERICA,

      Respondent.

--------------------------------X

:
:
:
:
:
:

FILED
HARRISBURG, PA

OCT 15 2005

Per _____ ANDREA, CLERK
Deputy Clerk

CASE NO.    00-CR-00032

DISTRICT COURT JUDGE
YVETTE KANE

## MOTION TO ENFORCE PLEA AGREEMENT TO COMPEL THE GOVERNMENT TO FILE RULE 35(b) MOTION WITHIN ONE (1) YEAR

NOW COMES, THE Petitioner EDDIE SIMMS (hereinafter "PETITIONER"), and proceeding **pro-se**, and respectfully moves this Honorable Court to compel the Government to comply with it's obligation in the plea agreement, and the reasons that follow:

    (1) Compel the Government to enforce the plea agreement for downward departure pursuant to Rule 35(b).

## RULE 35(b) MOTION STANDARD

**(b) Reducing a Sentence for Substantial Assistance**

**(1)** In general, upon the government's motion made within one year of sentencing, the court may reduce a sentence if.

(A) the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person' and

(B) reducing the sentence accords with the sentencing commission's guidelines and policy statements.

**(2) Later Motion.** Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved.

(A) information not known to the defendant until one year or more after sentencing;

(B) information provided by the defendant to government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing, or

(C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after-sentencing and which was promptly provided to the government after its usefulness was reasonably-apparent to the defendant.

**(3) Evaluating Substantial Assistance.** In evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's - presentnece assistance.

**(4) Below Statutory Minimum.** when acting under Rule 35(b), the court may reduce the sentence to a level below the minimum sentence established by statute.

I.

COMPEL THE GOVERNMENT TO ENFORCE THE
PLEA AGREEMENT FOR DOWNWARD DEPARTURE
PURSUANT TO RULE 35(b)

A.

The Petitioner was very forthvoming, and provided the Government with names and infomation in the prosecution of other individuals in compliance with petitioner proposed plea agreement and the Government agreed to move this Honorable Court for a downward departure out the Guidelines. In fact, the petitioner's hold plea agreement was based on substantial assistance and the petitioner kelp his bargain of that agreement.

At sentencing, the Government did not comply with it's obligations and the petitioner moves this Honorable Court to compel the Government to enforce it's obligation. Also, see the petitioner plea agreement which is (ATTACHMENT 1). And sentencing transcripts (ATTACHMENT 2). Also, the PRS stated that the maximum sentence the petitioner could have received for pleading guilty to Counts I and II where 120 months. Therefore, if the Government would have moves this Honorable Court for a Rule 35(b) motion for the petitioner's cooperation, the petitioner's sentence would have been reduce: The PSR states at 7 and 40-41:

> 40. **Guideline Provisions:** Based on a total offense level of twenty-nine and a criminal history category of IV, the imprisonment range is 121 to 151 months. However, because the statutory maximum penalty is Five years on each Count the guideline sentence becomes 120 months (zone D). USSG § 5G1.2(d).

If this Honorable Court would examine the above statement, this Honorable Court would agree that had the Government move this Court for a Rule 35(b) motion the petitioner would have received a reduction for his cooperation because the maximum sentence was 120 months for both counts which the petitioner plead guilty to.

PREJUDICE:

The petitioner is suffering a substantial amount of prejudice as a result of the government not complying and enforcing it's obligations to move the court for a downward departure. The petitioner was sentenced to 120 months and 2 years of supervised release, Base Offense Level of 32 Criminal History of IV. The petitioner is suffering 36 months of prejudice as a result of the Government not moving for a departure under Rule 35(b). This 36 months of prejudice from the 120 months the petitioner received would of yielded a sentence of (84) months. The prejudice the petitioner is suffering is quantifiable.

## CONCLUSION

The Petitioner request that this Honorable Court compel the
Government to comply with it's obligations to enforce a downward
departure when the record clearly show that the petitioner provided
substantial assistance.

Respectfully submitted

BY: _Eddie Simms_____
    Eddie Simms
    (PRO-SE)
    Reg. No.# 58128-053
    Federal Prison Camp
    P.O. Box 2000
    Lewisburg, PA.
    17837

EXECUTED: OCTOBER 08 , 2005.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I sent a true and exact copy of the Petitioner Motion to Enforce Plea Agreement to Compel the Government to File Rule 35(b) Motion within One (1) Year VIA United States First Class Mail this Day October 03 , 2005, TO:

Assistant Unined States Attorney
Theodore B. Smith III
228 Walnut Street
Harrisburg, PA.
17108

Respectfully submitted

BY: _Eddie Simms_
Eddie Simms
(PRO-SE)
Reg. No.# 58128-053
Federal Prison Camp
P.O. Box 2000
Lewisburg, PA.
17837

EXECUTED: OCTOBER 03 ,2005.

(6)

(ATTACHMENT 1)

CLIENT'S COPY

DMB:WAB:caz

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      ) CRIMINAL NO. 1:CR-00-032
                                        )
                 v.                )    (Judge Kane)
                                        )
EDDIE SIMMS                      )

## PLEA AGREEMENT

The following plea agreement is entered into by and between the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant. Any reference to the United States or to the Government in this Agreement shall mean the office of the  United States Attorney for the Middle District of Pennsylvania.

The defendant, as well as counsel for both parties, understand that the United States Sentencing Commission Guidelines which took effect on November 1, 1987, as amended, will apply to the offenses to which the defendant is pleading guilty, since those offenses were completed after the effective date of the implementation of the Guidelines.

1.  The defendant agrees to waive indictment by a grand jury and plead guilty to a two-count felony Superseding Information which will be filed against the defendant by the United States Attorney for the Middle District of Pennsylvania.  That Superseding Information will charge the defendant in each count with a violation of Title 18, United States Code, Section 1952(a)(3), (interstate travel in aid of racketeering, i.e.,

distribution of cocaine and crack cocaine). The maximum penalty for each offense is imprisonment for a period of 5 years, a fine of $250,000, a term of supervised release to be determined by the court, the costs of prosecution, denial of certain federal benefits as well as an assessment in the amount of $100. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offenses charged in each count of the Superseding Information.

2. The defendant also understands that the Court must impose a term of supervised release following any sentence of imprisonment exceeding one (1) year, or when required by statute. The Court may require a term of supervised release in any other case.

3. At the time of sentencing on the Superseding Information described above, the United States agrees to move for dismissal of the indictment filed under Criminal Number 1:CR-00-032. The defendant agrees, however, that the United States may at its sole election reinstate any dismissed counts in the event that the charge(s) to which the defendant has pleaded guilty pursuant to this plea agreement are subsequently vacated or set aside by the district court or any appellate court. The defendant further agrees to waive any defenses to the reinstatement of these charges based upon laches, the assertion of speedy trial rights, any applicable statute of limitations or any other grounds in the event that the defendant successfully vacates or sets aside any conviction or sentence imposed pursuant to this plea agreement.

4. The defendant understands that the total, maximum possible sentence for all charges is the combination of penalties described above; that is 10 years in prison

2

and/or fines totaling $500,000, a term of supervised release to be determined by the Court, the costs of prosecution, denial of certain federal benefits and an assessment totaling $200.

5. The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this plea agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to tional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

6. The defendant understands that under the alternative fine section of Title 18, United States Code, Section 3571, the maximum fine quoted above may be increased if the District Court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the Court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

7. If the Court awards a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect up to 3% of the defendant's prison salary and apply those amounts on the defendant's behalf to the payment of the outstanding fine and restitution orders.

3

8. The defendant understands that the Court will impose a special assessment of $100 on each count of the Superseding Information pursuant to the provisions of Title 18, United States Code, Section 3013. No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court Middle District of Pennsylvania. This check should be made payable to "Clerk, United States District Court". Counsel for the defendant shall provide a copy of the special assessment check to the United States Attorneys Office for the Middle District of Pennsylvania at the time of sentencing certifying compliance with this provision of the plea agreement. An intentional failure to make this payment, or to pay with insufficient funds, may be treated by the United States as a breach of this plea agreement and may also result in further prosecution or the filing of additional criminal charges.

9. The defendant agrees, as a part of this agreement, to submit to interviews by the United States Attorney Office's Financial Litigation Unit regarding the defendant's financial status. Pursuant to Title 18, United States Code, Section 3664 (d)(3) the defendant also agrees to complete the required financial affidavit, fully describing the defendant's financial resources within 10 days of the guilty plea. The defendant will submit the original affidavit, on forms prescribed by the probation office, to the U.S. Probation Office with a copy to this office.

10. The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense described above.

4

11.   Counsel for the defendant has affirmatively indicated to the United States Attorney's Office that the defendant not only wishes to enter a plea of guilty, but will clearly demonstrate a recognition and affirmative acceptance of responsibility as required by the sentencing guidelines.  Additionally, the defendant has assisted authorities in the investigation and prosecution of his own misconduct by taking the following step(s):

> (a) By timely providing complete information to the government concerning his own involvement in the offense;

> (b) By timely notifying authorities of his intention to enter a plea of guilty thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently.

**Accordingly,** if the defendant can adequately demonstrate this acceptance of responsibility to the government, the United States Attorney's Office will therefore recommend that the defendant received a three-point reduction in the defendant's offense level for acceptance of responsibility.  The failure of the Court to find that the defendant is entitled to any reduction shall not be a basis to void this plea agreement.

12.   At the time of sentencing, the United States may make a recommendation that it considers appropriate based upon the nature and circumstances of the case and the defendant's participation in the offense, and specifically reserves the right to recommend a sentence up to and including the maximum sentence of imprisonment and fine allowable, together with the cost of prosecution.

13.   If probation or a term of supervised release is ordered, the United States will recommend that the court impose the following special conditions:

(a) The defendant be prohibited from possessing a firearm or other dangerous weapon.

(b) The defendant pay the fine in accordance with a schedule to be determined by the court.

(c) The defendant be directed to provide the probation office and the United States Attorney access to any requested financial information.

(d) The defendant be directed to attend substance abuse counseling which may include testing to determine whether the defendant has reverted to drug or alcohol use.

14. The defendant also understands that the United States will provide to the United States Probation Office all information in its possession which the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

15. The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania "Policy for Guideline Sentencing" both the United States and defendant must communicate to the probation officer within fourteen (14) days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, sentencing guideline ranges and policy statements contained on or omitted from the report. The defendant agrees to meet with the United States at least five (5) days prior to sentencing in a good faith attempt to resolve any substantive differences. If any issues remain unresolved, they shall be communicated to the probation officer for his inclusion on an addendum to the pre-sentence report. The defendant understands that unresolved substantive objections will be decided by the court at the sentencing hearing where the standard of

proof will be a preponderance of the evidence. Objections by the defendant to the pre-sentence report or the Court's rulings, will not be grounds for withdrawal of a plea of guilty.

16. The defendant understands that pursuant to the Victim and Witness Protection Act (18 U.S.C., Section 3521, et seq.) and the regulations promulgated under the Act by the Attorney General of the United States:

(a) The victim of a crime is given the opportunity to comment on the offense and make recommendations regarding the sentence to be imposed. The defendant also understands that the victim's comments and recommendations may be different than those of the parties to this agreement.

(b) The federal prosecutor is required to consult with victims of serious crimes to obtain their views regarding the appropriate disposition of the case against the defendant and make the information regarding sentencing known to the Court. The defendant understands that the victim's opinions and recommendations may be different than those presented by the United States as a consequence of this agreement.

(c) The federal prosecutor is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate the sentencing proceeding," and the Court is authorized to order restitution by the defendant including, but not limited to, restitution for property loss, personal injury or death.

17. At the sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to the defendant's background, character and conduct including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States will be

entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this agreement.

18. The defendant understands that the Court is not a party to and is not bound by this agreement nor any recommendations made by the parties. Thus, the Court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for 10 years, a fine of $500,000, a term of supervised release, the costs of prosecution, denial of certain federal benefits and assessments totaling $200.

19. If the Court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any pleas should the Court decline to follow any recommendations by any of the parties to this agreement.

20. The defendant agrees to cooperate fully with the United States. The defendant understands and agrees that complete and truthful cooperation is a material condition of this agreement. Cooperation shall include providing all information known to the defendant regarding any criminal activity, including but not limited to the offenses described in this agreement. Cooperation will also include complying with all reasonable instructions from the United States, submitting to interviews by investigators and attorneys at such reasonable times and places to be determined by counsel for the United States and to testify fully and truthfully before any grand juries, hearings, trials or any other proceedings where the defendant's testimony is deemed by the United States to be relevant. The defendant understands that such cooperation shall be

8

provided to any state, local and federal law enforcement agencies designated by counsel for the United States. The United States agrees that any statements made by the defendant during the cooperation phase of this agreement shall not be used against the defendant in any subsequent prosecutions unless and until there is a determination by the Court that the defendant has breached this agreement. However, the United States will be free to use at sentencing in this case any of the statements and evidence provided by the defendant during the cooperation phase of the agreement. Moreover, the parties agree that, although the defendant's statements made during the cooperation phase cannot be used against the defendant in any subsequent criminal prosecution, this provision shall not preclude the United States from requiring the defendant to submit to interviews by local, state or federal agencies which may use these statements in civil or administrative proceedings involving the defendant. The defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed until the cooperation phase has been completed so that at sentencing the Court will have the benefit of all relevant information.

21. The defendant agrees to act in an undercover capacity to the best of the defendant's ability and agrees to allow the authorities to monitor and tape record conversations, in accordance with Federal law, between the defendant and persons believed to be engaged in criminal conduct, and fully cooperate with the instructions of law enforcement authorities in such undercover activities.

9

22. The defendant, if requested by the attorney for the United States, agrees to submit to polygraph examinations by a polygrapher selected by the United States.

23. In the event the United States believes the defendant has failed to fulfill any obligations under this agreement, then the United States shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations. Whether or not the defendant has completely fulfilled all of the obligations under this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence. In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this agreement.

24. The parties agree that at any court hearings held to determine whether the defendant has breached this agreement, the polygraph results and the polygrapher's conclusions and opinions shall be admissible. The parties also agree that such polygraph data shall be admissible at any sentencing hearings involving the defendant.

25. The defendant and the United States agree that in the event the Court concludes that the defendant has breached the agreement:

> (a) The defendant will not be permitted to withdraw any guilty plea tendered under this agreement and agrees not to petition for withdrawal of any guilty plea;

> (b) The United States will be free to make any recommendations to the Court regarding sentencing in this case;

(c) Any evidence or statements made by the defendant during the cooperation phase will be admissible at any trials or sentencings;

(d) The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under investigation at the time of the plea. The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy or other similar grounds.

26. Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement, including perjury, false declaration, or false statement, in violation of Title 18, United States Code, Section 1621, 1623, or 1001, or obstruction of justice, in violation of Title 18, United States Code, Section 1503, 1505, or 1510, should the defendant commit any of those offenses during the cooperation phase of this agreement. Should the defendant be charged with any offense alleged to have occurred after the date of this agreement, the information and documents disclosed to the United States during the course of the cooperation could be used against the defendant in any such prosecution.

27. The defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning the defendant and/or this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, law enforcement agencies and licensing and regulatory agencies.

28. Nothing in this agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties due from the defendant arising out of or related in any way to the offenses identified in this agreement.

11

29.  Nothing in this agreement shall restrict or limit the nature or content of the United States's motions or response to any motions filed on behalf of the defendant. Nor does this agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of the Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

30.  Nothing in this agreement shall bind any other federal, state or local enforcement agency.

31.  The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

32.  This document states the complete and only Plea agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or on the record in Court.  No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

33.  The original of this agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., May 15, 2000, otherwise the offer shall be deemed withdrawn.

34. None of the terms of this agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and until signed by the United States Attorney.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____                    _____
Dated                                       EDDIE SIMMS
                                            Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.

_____                    _____
Date                                        LORI ULRICH, ESQUIRE
                                            Counsel for Defendant

_5/16/00_____                       _____
Date                                        DAVID M. BARASCH
                                            United States Attorney

WAB:caz
5/10/00;2000R00081

13

(EXHIBIT 2)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :

          v.                      :   CRIMINAL NO. 1:CR-00-032
                                      (Judge Kane)
EDDIE SIMMS,                      :
          Defendant


TRANSCRIPT OF PROCEEDINGS

SENTENCING

Before:  Hon. Yvette Kane, Judge

Date:  October 12, 2000

Place:  Courtroom No. 4
        Federal Building
        Harrisburg, Pa.


COUNSEL PRESENT:

    WILLIAM A. BEHE, Assistant U.S. Attorney

        For - Government

    LORI J. ULRICH, Esquire

        For - Defendant


                              Monica L. Zamiska, RPR
                              Official Court Reporter

1    MR. BEHE:  Your Honor, this is the matter of the

2    United States of America v. Eddie Simms, which is at

3    1:CR-00-032.  May the record reflect that Mr. Simms is

4    present before you, as well as his counsel Lori Ulrich, and

5    now is the time and place set for sentencing in this matter.

6    There has been a presentence investigation report prepared

7    and available for the parties to review.  I don't believe

8    that there are any outstanding objections to this, and the

9    presentence report prepared in this matter calls for a

10   sentence of 120 months to be imposed in this matter.

11       THE COURT:  Miss Ulrich, have you received the

12   report?

13       MRS. ULRICH:  Yes, Your Honor, and I reviewed it

14   with Mr. Simms, and we do not have any objections to the

15   report.

16       THE COURT:  All right.  Is there anything you want

17   to present on behalf of Mr. Simms?

18       MRS. ULRICH:  Just briefly, Your Honor, because we

19   understand the sentence has to be 120 months.  He did the

20   right thing and cooperated, and that's why he is facing the

21   sentence of 10 years.  I think he's made a commitment to

22   himself and his family that this is it, and he wants to turn

23   his life around.

24       I just wanted to mention that his girlfriend

25   Crystal Prunty is in the courtroom.  She's been very

supportive.  And his mother just found out this morning that
his sentencing was today, and she was a little upset about
that, but otherwise she would have been here.  So he does
have a very supportive family.  I did want to mention that to
the Court.

THE COURT:  Is Mrs. Toomey your mother?

THE DEFENDANT:  Excuse me?

THE COURT:  Mrs. Toomey.

THE DEFENDANT:  No, she's my girlfriend's mother.

THE COURT:  Okay.  She wrote to the Court.  I don't
know if you have seen the letter.

MRS. ULRICH:  I did not, Your Honor.

THE COURT:  A copy of the letter is on file with
the Court from Brenda Toomey and also from Crystal Prunty
requesting the Court to use whatever power it has, and I'm
not sure I have any power in this matter, to make sure that
Mr. Simms is confined close to home because there is a very
strong will on the part of Miss Prunty to stay in touch with
him and to have him involved with their own children.

MRS. ULRICH:  Your Honor, he has asked me to ask
the Court to recommend that he serve the sentence at SCI
Schuylkill.

THE COURT:  Mr. Behe, I don't know what information
you have on that.  I think I can make that recommendation,
but my guess is that it will fall on deaf ears.  People get

1    assigned wherever they can reasonably be housed and their

2    needs met.  I can make that recommendation.

3          MR. BEHE:  I endorse that recommendation.  I

4    believe to the extent that it would be there, it would be

5    helpful, as opposed to there being no recommendation.

6          THE COURT:  Okay.  All right.

7          MRS. ULRICH:  Thank you.

8          THE COURT:  Anything else?

9          MRS. ULRICH:  We have nothing further.

10         THE COURT:  All right.  Mr. Behe.

11         MR. BEHE:  Yes, Your Honor, I simply wanted to

12   advise Mr. Simms that the agreement that's been reached in

13   this matter was sort of a plea agreement where you got your

14   benefit up front as opposed to other cases where we would

15   come in with a motion for a guideline departure at this time.

16   But that's not the end of the matter, because the Federal

17   Rules of Criminal Procedure allow the United States to come

18   back into court within a year pursuant to Rule 35 and ask the

19   Court to depart below the sentence or to give you a reduced

20   sentence if you provide substantial assistance.  And without

21   detailing anything, there are a number of matters that were

22   raised during our discussions and from other investigations

23   that we think you may be able to assist us on, and if

24   anything comes of those matters, we would be able to come

25   back before the Court.  So I would ask you to please keep

5

that in mind and keep in touch with your lawyer so that we

can see whether or not that would be a possibility. Do you

understand?

      THE DEFENDANT: Yes.

      THE COURT: All right. Mr. Simms, it sounds like

you have made a sincere attempt here to right at least some

of the wrongs that are racking up on your sheet, and maybe

this is a turn around time for you to go forward and have a

good life with your family.

      THE DEFENDANT: Yes.

      THE COURT: Pursuant to the Sentencing Reform Act

of 1984 it is the judgment of the Court that the defendant

Eddie Simms is hereby committed to the custody of the Bureau

of Prisons to be imprisoned for a term of 120 months. This

term consists of terms of 60 months on each of Counts 1 and 2

to be served consecutively.

      The Court finds that the defendant has an ability

to pay a fine below the applicable guideline range.

Accordingly it is further ordered that the defendant pay to

the United States the sum of $700, consisting of a fine of

$500 on Count 1 and a special assessment of $100 on each

count. The fine and assessments are due immediately, shall

be paid through the Clerk of Court and are payable during the

period of incarceration with any balance to be paid within 2

years of release from custody.

1    Upon release from imprisonment the defendant shall

2    be placed on supervised release for a term of 2 years.  This

3    term consists of terms of 2 years on each count to be served

4    concurrently.

5    Within 72 hours of release from the custody of the

6    Bureau of Prisons the defendant shall report in person to the

7    probation office in the district to which he is released.

8    As a condition of supervision the defendant shall

9    submit to a drug test within 15 days of release from custody

10   and at least two periodic drug tests thereafter.

11   While on supervised release the defendant shall

12   comply with the standard conditions that have been adopted by

13   this Court and with the following additional conditions:  The

14   defendant shall pay any balance of the fine imposed by this

15   judgment which remains unpaid at the commencement of the term

16   of supervised release in minimum monthly installments of no

17   less than $25.

18   Mr. Simms, you can appeal your conviction if you

19   believe that your guilty plea was somehow unlawful or

20   involuntary or that there was some other fundamental defect

21   in the proceedings that was not waived by the guilty plea.

22   You also have a statutory right to appeal your sentence under

23   certain circumstances, particularly if you think the sentence

24   is contrary to law.  With very few exceptions any notice of

25   appeal would have to be filed within 10 days from today, and

1    if you are unable to pay the costs of appeal, you could apply
2    for leave to appeal in forma pauperis.  If you so request,
3    the Clerk of Court would prepare and file a notice of appeal
4    on your behalf.
5            The basis for the sentence is as follows:  The
6    Court adopts the factual findings and guideline application
7    in the presentence report.  The fine is below the guideline
8    range because of the defendant's inability to pay.  The
9    sentence is within the guideline range, that range does not
10   exceed 24 months, and the Court finds no reason to depart
11   from the sentence called for by application of the
12   guidelines.
13           Anything further in this matter, counsel?
14           MRS. ULRICH:  We have nothing further.
15           MR. BEHE:  Yes, Your Honor, I respectfully move at
16   this time for the dismissal of the original indictment in
17   this case.
18           THE COURT:  All right, motion granted.  Thank you,
19   counsel.
20           MR. BEHE:  Thank you, Your Honor.
21           MRS. ULRICH:  Actually there is one more thing, the
22   recommendation for Schuylkill, I don't know if that was on
23   the record yet or not.
24           THE COURT:  I will make that recommendation.  It
25   will be part of the written documents that are forwarded.

1          MRS. ULRICH:  Thank you.

2          THE COURT:  All right.  We'll be in recess.

3          (The proceedings concluded.

4          I hereby certify that the proceedings and evidence

5   of the court are contained fully and accurately in the notes

6   taken by me on the sentence of the within cause and that this

7   is a correct transcript of the same.

8                        *Monica L. Zamiska*

9                        Monica L. Zamiska, RPR

10                       Official Court Reporter



U.S. POSTAGE
PAID
LEWISBURG, PA
OCT 78...
OCT 1 05
AMOUNT
$0.00
00098581-0
17108

UNITED STATES POSTAL SERVICE
0000    17108

Inmate Name    RONALD ADAMS
Register Number  58428-053

Federal Prison Camp
P.O. Box 2000
Lewisburg, PA 17837

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
HONORABLE YVETTE KANE
U.S. COURTHOUSE
228 WALNUT STREET
P.O. BOX 983
HARRISBURG, PA.
17108



PRIORITY MAIL
UNITED STATES POSTAL SERVICE TM
www.usps.gov
LABEL 107R, OCT 1997