IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | No. 1:CR-00-32 |
| | : | |
| v. | : | |
| | : | (Judge Kane) |
| **EDDIE SIMMS,** | : | |
|     Petitioner | : | |

**ORDER**

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Before this Court is Petitioner's pro se "Motion for Leave to Amend Petitioner's Title 28 U.S.C. § 2255 [Motion] to Vacate, Set Aside, or Correct Sentence Pursuant to Fed. R. Civ. P. 15(a)" (Doc. No. 67). Petitioner has also filed a "Motion to Enforce Plea Agreement" (Doc. No. 66). Both motions seek to collaterally attack the length of Petitioner's sentence. The proper avenue to collaterally attack the length of a prisoner's sentence is pursuant to a writ of habeas corpus under § 2255. Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993) (noting that it is "clear that if a prisoner challenges the fact or length of confinement, then his sole federal remedy is a writ of habeas corpus, §§ 28 U.S.C. 2254, 2255") (internal quotations omitted). See also United States v. Miller, 197 F.3d 644, 648 (3d Cir. 1999) (noting that "there is no general right, other than on collateral attack, to challenge a conviction or indictment after the defendant pleads guilty"). The Court has a duty to "look beyond the label of the motion" and liberally construe Petitioner's motion under the proper statutory framework. United States v. Miller, 197 F.3d 644, 648 (3d Cir. 1999) (internal citations omitted) (noting that "district courts have 'routinely converted post conviction motions of prisoners who unsuccessfully

sought relief under some other provision of law into motions made under 28 U.S.C. § 2255 and proceeded to determine whether the prisoner was entitled to relief under that statute'") (quoting Adams v. United States, 155 F.3d 582, 583 (2d Cir. 1998)). Accordingly, the Court will construe the above motions as motions made under § 2255.

The record reflects that Petitioner has already filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 60) and the Court has already adjudicated the motion. A district court may only entertain a second or successive motion if the Petitioner first obtains leave to file the second or successive motion from the Court of Appeals. 28 U.S.C. §§ 2255, 2244 (b)(3). The record indicates that Petitioner has not obtained leave from the Third Circuit Court of Appeals to file these successive § 2255 motions. Accordingly, this 24th day of October, 2005, **IT IS HEREBY ORDERED THAT** Petitioner's motions (Doc. Nos. 66-67) are **DENIED**.

                                                      S/ Yvette Kane
                                                      Yvette Kane
                                                      United States District Judge