IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

EDDIE SIMMS,

        Defendant,

CRIMINAL DOCKET NO: 1:CR-00-32-001

FILED
HARRISBURG, PA
DEC 21 2007
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## MOTION FOR MODIFICATION OF PREVIOUSLY IMPOSED SENTENCE

PURSUANT to Title 18 U.S.C. § 3582(c)(2), this defendant (hereinafter petitioner) would respectfully request that this Honorable Court modify the previously ordered sentence in the aforementioned Criminal Docket Number.

This petitioner would request that this court reduce this sentence at this time, due to the recent United States Sentencing Commission's "Crack Cocaine Amendment", which allows for a decrease in a defendant's sentence, if that defendant was sentenced under the much harsher guideline range that was in effect prior to this change.

Thus the sentence in this case must be reduced, for this petitioner was sentenced by what has been deemed an unfair and prejudicially biased guideline and sentencing formulation.

*

STATEMENT OF FACTS

1. This defendant/petitioner was arrested on February 08, 2000.

2. A Grand Jury sitting in the Middle District of Pennsylvania, indicted this petitioner for violations of Criminal and Drug statutes.

3. Ultimately this petitioner pled guilty to two counts under Title 18 U.S.C. § 1952(a)(1).

4. The plea tendered was due to a written plea agreement, negotiated with the office of the United States Attorney, and defense counsel, and accepted by this petitioner.

5. On October 12, 2000, this petitioner appeared before this court for sentencing in the aforementioned Criminal Docket Number.

6. The sentence handed down by this court on this day and date, was a term of Sixty (60) Months for each count, to run consecutively to each other. Thus this petitioner was sentenced to a 120 month prison term, with 2 years of Supervised Release to follow that term of incarceration.

7. This petitioner is currently serving that sentence, at F.C.I. Fort Dix, New Jersey.

\*

SUMMARY OF ARGUMENT

THE U.S.S.G. AMENDMENT NUMBER 706 WHICH REDUCES THE

THE BASE OFFENSE LEVEL OF THOSE CONVICTED OF CRACK COCAINE

VIOLATION MUST APPLY TO THIS PETITIONER

As stated within Title 18 U.S.C. § 3582(c)(2); " In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 990(o), upon motion, the court may reduce the term of imprisonment, after considering the factors set forth in 3553(a), to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. " This motion as per the statute can be filed by the defendant, the Bureau of Prisons, or by the court on its own motion.

In the case at bar this petitioner definitely meets the criteria set forth in the United States Sentencing Commission's Amendment Number 706, which was originally proposed in May, 2007, and went into effect in November, 2007, and finally was made to be retroactive on December 11, 2007.

This petitioner was sentenced prior to this amendment, and therefore was sentenced under a much harsher sentencing guideline range, that has now been deemed invalid under 18 U.S.C. § 3553(a). Thus it must be construed that if this petitioner was sentenced under a much harsher guideline range that has now been lowered, then that sentence handed down at that time was unjust......

## IMPACT ON THIS PETITIONER'S SENTENCE

If this court were to examine the sentencing calculations used when this petitioner was originally sentenced, the court would find: (1) The Base Offense Level used at that time was Level 32. (2) After a three point reduction for acceptance of responsibility, this petitioner's ultimate level for sentencing was 29, and (3) with a Criminal History score of Nine (9) points, thus yielding a Criminal History Category of Four.

Now since this petitioner was charged with Title 18 U.S.C. § 1952(a)(1); the Guidelines call for this petitioner's to be sentenced pursuant to the amount of drugs attributed to this defendant, therefore this petitioner's sentence was dictated by U.S.S.G.§ 2D1. Thus prompting a Base Offense Level of Thirty Two (32). But due to the statute this petitioner was sentenced to the maximum allowable sentence, which was Five (5) Years, as per 18 U.S.C § 1952(a)(1)(A). And due to the fact that this petitioner was sentenced for the two (2) counts for which he had plead guilty, this petitioner was given two (2) Sixty Month Sentences to run consecutively to each other. Thus giving this petitioner a total of One Hundred and Twenty (120) Months.

Now at this juncture this petitioner would allege that after the new amendment's two (2) point reduction, this petitioner's Guideline Range would be between 100 and 125 months. Therefore this amendment would allow this court to at the very least reduce this petitioner's sentence by minimally 20 months. But this court has the authority to reduce this petitioner's sentence by much more if it so decides. To Wit:

*

## THE BOOKER THEORY

    This petitioner would respectfully ask that this court look at the totality of all the circumstances surround this defendant and the term of incarceration he is now serving. This petitioner has been in custody of over seven years. And if the court were to look deeply at the person whom was sentenced that long ago, and see the person whom is now coming back before this court, this court would ultimately have to agree, the person now standing before the court has matured into a responsible and learned individual. This individual who has used this time to make strides towards bettering himself, so that when the time came for his release, this person would not have to depend on criminal activity of any kind, to support himself and or his family. This petitioner has completed numerous courses of study, in order to assure himself that he is prepared to reacclimate himself back into society. Thus we would then ask that this court look at the Post-Conviction Rehabilitation efforts made by this defendant. Even though the U.S.S.G. specifically states that a defendant cannot receive downward departure under U.S.S.S.G § 5K2.19, this petitioner is not requesting that this court grant any downward departure, but simply asking that this court use what this petitioner has done during his time incarcerated, as one (emphasis added) of the factors this court uses in determining the sentence this petitioner should receive after granting the two point reduction under § 3582.

    For if the court would look at two recent decisions, one from the Supreme Court, and the other from the Ninth Circuit Court of Appeals. In the Supreme Court decision in <u>Kimbrough v. United States</u>, No. 06-6330 (Dec. 2007), the high court stated clearly that the guidelines are truly advisory, especially

in Crack Cocaine case, where the court may feel that the disparity between Crack Cocaine and powder is unjust. Then in the case of <u>United States v. Hicks</u>, 472 F. 3d 1167 (9th Cir. 2007) the appellate court was addressing a case scenario just as this one where a defendant requested that the court grant him more time under his §3582 request that the two points in which he was entitled called for. In that case the defendant was serving a Four Hundred and Twenty Month Sentence. As per his § 3582 request for a reduction of the previously pronounced sentence. The court granted this request, but stated because this petitioner was originally sentenced in 1993 the court could not use the <u>United States v. Booker</u>, 523 US 220, 160 L.Ed 2d 621 (200 in deciding this case. The Ninth Circuit Court of Appeals disagreed. Ultimately the appellate court made this statement after the district court reduced this defendant's sentence, as per Booker, supra., from 420 months to 150 months. The court said:" In this appeal we consider whether <u>United States v. Booker</u>, supra., requirement that the district courts treat the United STATES  Sentencing Guidelines as advisory applies to resentencing of defendants pursuant to 18 U.S.C. § 3582(c). We **Hold That It Does."**

Thus by the reading of both the Supreme Court and the recent Ninth Circuit Court of Appeals Decisions, it is overly apparent that this court has the power to do whatever it thinks is proper. Thus this petitioner would only hope that this court look at all of the accomplishments (see attachements) and all the stride this petitioner has made towards turning his life around and making something positive of himself.

*

WHEREFORE, for all of the aforementioned reasoning, this petitioner would pray that this Honorable Court would grant this motion for a reduction of the previously imposed sentence under 18 U.S.C. § 3582, and consider this petitioner's post conviction rehabilitative efforts in you decision making process...


Respectfully Submitted,


*Eddie Simms*                                                                                    12-17-07

Eddie Simms                                                                                       Dated

In Pro Se


### CERTIFICATE OF SERVICE

I Eddide Simms, do hereby attest to the fact that on this day and date, I have delivered a True Copy of this motion under 18 U.S.C. § 3582 (c), to the office of the United States Attorney, for the Middle District of Pennsylvania.

I have accomplished this delivery by the placing of said copy in the care (for delivery) of the U.S. Postal Service, with full pre-paid postage affixed.

Respectfully Submitted,

*Eddie Simms*                                                                                    12-17-07

Eddie Simms                                                                                       Dated

In Pro SE



THE INTERNATIONAL SPORTS SCIENCES ASSOCIATION ACKNOWLEDGES THAT

*Eddie Simms, Jr.*

HAS SUCCESSFULLY COMPLETED THE PRESCRIBED COURSE
AND HAVING DEMONSTRATED PROFICIENCY BY PASSING ALL REQUIRED EXAMINATIONS
IS HEREBY AWARDED THIS CERTIFICATE OF COMPLETION FOR THE COURSE OF

*Certified Fitness Trainer*

*November 21, 2006*
CERTIFICATION DATE

*November 20, 2008*
EXPIRATION DATE

*208210*
CERTIFICATION ID NUMBER

SAL ARRIA, EXECUTIVE DIRECTOR

FRED HATFIELD, PRESIDENT

```
▓▓▓▓▓▓       *         INMATE EDUCATION DATA        *      12-17-2007
PAGE 001 OF 001 *            TRANSCRIPT             *      07:57:11

REGISTER NO: 58128-053    NAME..: SIMMS                   FUNC: ▓▓▓▓
FORMAT.....: TRANSCRIPT   RSP OF: FTD-FORT DIX FCI

-------------------------------- EDUCATION INFORMATION --------------------------
FACL ASSIGNMENT DESCRIPTION              START DATE/TIME STOP DATE/TIME
FTD  ESL HAS    ENGLISH PROFICIENT       11-16-2000 1420 CURRENT
FTD  GED HAS    COMPLETED GED OR HS DIPLOMA 11-16-2000 1425 CURRENT

-------------------------------- EDUCATION COURSES ------------------------------
SUB-FACL    DESCRIPTION                  START DATE  STOP DATE EVNT AC LV  HRS
FTD  GP     RPP-PERSONAL FINANCE         10-13-2006  CURRENT
FTD  GP     RPP-U.S. PROBATION OFFICE    10-13-2006  CURRENT
FTD  GP     RPP-CMC REFERRAL PROCESS     10-13-2006  11-20-2007  C  C  P    1
FTD  GP     RPP-WELLNESS PROGRAM         10-13-2006  10-30-2007  C  C  P    1
FTD  GP     COMPUTER SKILLS VT9;00-10:30AM 12-12-2006 03-29-2007 P  C  M  120
LEW  SCP    ACE: HOW TO START A BUSINESS 07-26-2004  09-14-2004  P  C  P   40
LEW  SCP    ADVANCED PARENTING           04-02-2003  07-24-2003  P  C  P   30
LEW  SCP    CAMP GRAPHIC ARTS PROGRAM    10-11-2002  05-07-2003  P  C  M  600
BRO  CAD M  HIV ACE CRS MON., 10:00 11:00 05-16-2002 05-16-2002  P  C  P    6
LEW  SCP    PARENTING CLASS              10-01-2002  02-04-2003  P  C  P   24
LEW  SCP    ACE SUCCESS/BREAKING BARRIERS 10-21-2002 12-30-2002  P  C  P   24
BRO  CAD M  AT RISK PER HSA & SOR PS 6000 10-29-2001 11-14-2002  P  C  P   10
BRO  CAD M  PARENTING CADRE              05-16-2002  09-18-2002  P  W  I   14
SCH         COMMERCIAL DRIVER'S LICENSE  03-12-2001  05-12-2001  P  C  P   14
SCH         MARKETING 104                01-25-2001  05-03-2001  P  C  P   20




▓▓▓▓▓▓      TRANSACTION SUCCESSFULLY COMPLETED
```